UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARTHUR BURNHAM, | ) | |
| | ) | CIVIL ACTION |
| Petitioner, | ) | |
| | ) | NO. 4:17-40160-TSH |
| v. | ) | |
| | ) | |
| SHERIFF LEWIS EVANGELIDIS, | ) | |
| ATTORNEY GENERAL MAURA HEALY | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER AND MEMORANDUM ON RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Docket No. 9).**

**September 21, 2018**

**HILLMAN, D.J.**

Petitioner, Arthur Burnham filed a pro se petition for habeas corpus pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254. (Docket No. 1). The petition is verbose, disorganized, rambling, and at times incoherent. Petitioner challenges his confinement at Worcester County Sheriff's Office for a number of reasons including objections about his right to counsel, motion practice in his state criminal proceedings, his own civil litigation, and the venue of his trial. Respondent, Sheriff Lewis Evangelidis, moves to dismiss on the grounds that Petitioner fails to state a claim upon which relief can be granted. For the reasons stated below, Respondent's motion (Docket No. 9) is **_granted_**.

**Standard of Review**

A defendant may move to dismiss, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule

12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). Although detailed factual allegations are not necessary to survive a motion to dismiss, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

In evaluating a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 68 (1st Cir. 2000). It is a "context-specific task" to determine "whether a complaint states a plausible claim for relief," one that "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). On the other hand, a court may not disregard properly pled factual allegations, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556.

Because Plaintiff appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Nevertheless, Plaintiff's pro se status does not excuse him from complying with procedural and substantive law. *See Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir. 1997).

## Analysis

"Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference from federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971). Thus, "a federal court must abstain if (1) there is an ongoing state judicial proceeding involving the federal plaintiff that (2) implicates important state interests and (3) provides an adequate opportunity for the federal plaintiff to assert his claims." *Colonial Life & Accidental Ins. Co. v. Medley*, 572 F.3d 22, 26 (1st Cir. 2009). Here, there is an ongoing state judicial proceeding in the Worcester Superior Court. Additionally, the proceeding implicates important state interests as Petitioner has been charged with numerous felonies including Secreting/Throwing/Launching/Placing Explosives in violation of Mass. Gen. Laws c. 268, § 102A. Finally, Petitioner has adequate opportunity to raise his federal claims in the state proceeding.

In addition, federal courts may only enjoin state criminal actions "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45. Petitioner has failed to demonstrate this precondition for habeas relief. Petitioner sites a variety of grievances regarding his state proceeding such as the disagreements with appointed counsel, losing pretrial motions, and the venue of his trial. The Court in *Younger*, however, noted that "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered irreparable in the special legal sense of that term." 401 U.S. at 46. Instead, "the threat to the plaintiff's federal protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Id.* Petitioner fails to demonstrate irreparable loss or that he is "threatened with any injury other than that incidental to every criminal proceeding brought lawfully and in good faith." *Id.* at 47.

## Conclusion

For the reasons stated above, Petitioner has failed to plausibly demonstrate that he is entitled to habeas relief. Therefore, Respondent's motion to dismiss (Docket No. 9) is ***granted***.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**